1  Jason Giesy 23702031
   Federal Correctional Institute 2
2  Post Office Box 3850
   Adelanto, California 92301
3

FILED
CLERK, U.S. DISTRICT COURT

SEP - 2 2015

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

4              UNITED STATES DISTRICT COURT
          CENTRAL DISTRICT OF CALIFORNIA
5

6  JASON GIESY,                    )
                  Plaintiff,       )  CV 15 - 06803 - PA(AGRx)
7      v.                          )  Case No.
                                   )
8  LARRY GINGOLD-PRESIDENT,        )
   PROCOLLECT INCORPORATED,        )
9                                  )       COMPLAINT
                                   )
10                Defendant.       )
   _____

11  A.                    JURISDICTION

12      1.   This is an action that alleges that this court has federal

13  question jurisdiction over this action pursuant to 28 U.S.C. § 1332

14  because:

15  a. The plaintiff is an individual residing in and a citizen of the state

16  of California      ;

17  b. The defendant is a corporation organized and existing under the laws

18  of the State of Texas       with its principle place of business in

19  Dallas          , TX  .

20  c. There is a complete diversity of citizenship between plaintiff and the

21  defendant.

22  B.                    DEFINITIONS

23      2.   The plaintiff, Jason Giesy      is a "consumer" as defined by

24  15 U.S.C. § 1692a(3), as " any natural person obligated or allegedly

25  obligated to pay any debt."

26      3.   The defendant,  Procollect Inc.      is a "debt collector" as

27  defined by 15 U.S.C. § 1692a(6), as " any person who uses any

instrumentality of interstate commerce or the mails in any business
the principle purpose of which is the collection of any debts, or who
regularly collects or attempts to collect, directly or indirectly, any
debts owed or due or asserted to be owedor due to another."

C.                    STATEMENT OF THE CASE

4.    On  June 10,2015   , The plaintiff obtained a copy of his
credit report from Equifax Information Services, Experian Information
Solutions, and Trans Union Corporation which revealed that Procollect Inc.
("defendant") had placed an entry on plaintiffs credit
report which communicated that plaintiff allegedly had an account in
default with the defendant in the amount of $1,049   through
assignment from Mt.CarmelAppart.dated   02/2013  . See Exhibit A.

5.    On 07/07/2015      , the defendant took receipt of plaintiffs
"Notice of Relief", requesting the defendant validate the alleged debt
pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.
§ 1692g(a) and 1692g(b), through certified mail receipt which is numbered
70081830000450345110   and attached as Exhibit B . It should be noted that
the defendant refused top respond to plaintiffs validation request.

D.                         CLAIM ONE

6.    The plaintiff asserts that defendant violated section
15 U.S.C. § 1692e(2)(A) of the Fair Debt Collections Practices Act
when the defendant reported to Equifax Information Services, Experian
Information Solutions, and Trans Union Corpporation that the plaintiff
is in default with the defendant in the amount of $ 1,049.00  through
assignment from Mt.CarmelApartments  . See Exhibit A.

7.    Snyder v. Gordon, 2012 U.S. Dist LEXIS 120659, (9th Cir.)
which states, " The FDCPA prohibits the false representation of the

"character, amount, or legal status" of any debt. § 1692e(2)(A).
A misstatement of a debt need not be knowing or intentional to create
liability under this section. Clark, 460 F.3d at 1176."

8.    The defendant intended to manipulate the plaintiff by
falsely representing that the alleged debt which is a violation of the
Fair Debt Collections Practices Act ("FDCPA"). This constitutes a
vilation of the "Act" as a matter of law.

9.    The plaintiff hereby seeks statutory damages in the amount
of $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(2)(A)
of the ("FDCPA").

E.                          CLAIM TWO

10.    The plaintiff asserts that defendant violated section 15
U.S.C. § 1692e(8) of the Fair Debt Collections Practices Act when the
defendant communicated false information concerning the alleged debt
that the plaintiff never owed to the defendant, nor had the alleged debt
been assigned to the defendant. The defendant communicated to Equifax
Information Services, Experian Information Solutions, and Trans Union
Corporation false information, stating that the defendant had been
assigned to collect said debt from the plaintiff, and the plaintiff
was in default for $1,049.00  to the defendant. See Exhibit A.

11.    Nelson v. Equifax Information Services. LLC. 522 F. Supp. 2d
1222 (9th Cir. 2007) states, " in order to sustain a section 1692e(8)
claim, a party must show that a debt collector communicated or
threatened to communicate credit information which  they knew or should
have known was false, including failing to communicate that debt was
disputed".       Procollect Inc.        never had a valid assignment
authorizing them to pursue and report to credit bureaus alleged debts

1   associated with the plaintiff.

2       11.    Plaintiff hereby seeks statutory damages in the amount of

3   $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(8) of the

4   ("FDCPA").

5   F.                      **CLAIM THREE**

6       12.    Plaintiff asserts that defendant violated seection 15 U.S.C

7   § 1692e(10) of the Fair Debt Collections Practices Act when the defendant

8   used false and deceptive means to attempt to collect a debt from the

9   plaintiff. By communicating false information, the defendant attempted

10  to gain an advantage of an unsophisticated consumer through false

11  misrepresentation.

12      13.    Heathman v. Portfolio Recovery Assocs., LLC, U.S. Dist. Lexis

13  27057 (9th Cir. 2013) states, " A debt collector violates  section

14  1692e(10) if it 'use[s]... a false representation or deceptive means

15  to  collect or attempt to collect any debt or to obtain information

16  concerning a consumer ("a debt collectors representation that a debt is

17  owed to it when in fact is not, amounts to a misrepresentation barred

18  by the ("FDCPA")."

19      14.    Plaintiff hereby seeks statutory damages in the amount of

20  $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(10) of the

21  ("FDCPA").

22  G.                      **CLAIM FOUR**

23      15.    Plaintiff asserts that defendant violated section 15 U.S.C.

24  § 1692e(12) of the Fair Debt Collections Practices Act when the

25  defendant communicated the false representation that the alleged account

26  was turned over to **Procollect Inc.**     for value to Equifax Information

27  Services, Experian Information Solutions, and Trans Union Corporation

Page 4 of 9

See Exhibit A. The defendant never received assignment to pursue or report to credit bureaus alleged debts associated with the plaintiff.

16.    Fortunato v. Hop Law Firm, LLC, U.S. Dist. LEXIS 152712 (9th Cir. 2012) states, "Section 1692e(12) prohibits " The false representation or implication that accounts have been turned over to innocent purchasers for value", when determining whether a misrepresentation in a debt collection has been made, the court must apply the "least sophisticated debtor" standard and make a determination as to whether the debto would be "deceived or mislead by the misrepresentation", quoting Wade v.Reg'l Credit Ass'n, 87 F. 3d 1098, 1098-100 (9th Cir. 2006).

17.    The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C § 1692e(12) of the ("FDCPA").

H.                          <u>CLAIM FIVE</u>

18.    Plaintiff asserts defendant violated section 15 U.S.C. § 1692f(1) of the Fair Debt Collections Practices Act when the defendant used unconscionable means to attempt to collect an alleged debt by reporting to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation that  Procollect Inc. had obtained legal permission, documented by a valid assignment that the plaintiff was now in default with a debt owed to the defendant with a debt owed to the defendant with the attempt to force the plaintiff to pay the $ 1,049.00  allegedly owed.

19.    Sukiasyan v. OCS Recovery Inc., U.S. Dist. LEXIS 29877 (9th Cir. 2013) states, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

20.    Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principle obligation) unless such amount is expressingly authorized by the agreement creating the debt or permitted by law." Minus the agreement to collect on the attempted debt, the defendant is in direct violation of this section.

21.    Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692f(1) of the ("FDCPA").

I.                              **CLAIM SIX**

22.    The plaintiff asserts that defendant violated section 15 U.S.C. § 1692g(b) of the Fair Debt Collections Practices Act when he refused to respond to plaintiffs validation request. The defendant took receipt of plaintiffs "Notice of Administrative Remedy" and requested that the defendant provide the original creditors name, address, and verification of the alleged assignment or documents that gives Procollect Inc.        the legal right to pursue and report to credit bureaus alleged debts associated with the plaintiff. The defendant took receipt of plaintiffs request for validation through certified mail receipt # 70081830000450345110   , which is attached as **ExhibitB** .

23.    Danaher v. Northstar Location Servs., U.S. Dist. LEXIS 77606 (9th Cir. 2013) states, " If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion tereof is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed

portion thereof, until the debt collector obtains verification or

judgement, or name and address of the original creditor, is mailed to

the consumer by the debt collector." By  **Procollect Inc.**    refusing

to communicate with the plaintiff regarding the original creditor and

the alleged assignment or documents that granted the defendant the

right to report to the credit reporting agencies that the defendant

legally obtained the alleged debt.  The defendant is in violation of

section 1692g(b).

24.    The plaintiff hereby seeks statutory damages in the amount

of $1,000.00 for the defendants violation of 15 U.S.C. § 1692g(b) of

the ("FDCPA").

J.                          **DAMAGES**

25.    15 U.S.C. § 1692k - Civil Liablity - (a) Amount of Damages

- Except as otherwise prohibited by this section, any debt collector

who fails to comply with any provision of this title [15 USCS §§ et seq]

with respect to any person is liable to such person in an amount equal

to the sum of:

(2)(A) in the case of any action by an individual, such additional

damages as the court may allow, but not exceeding $1,000.00.

K.                      **REQUESTED RELIEF**

CLAIM ONE:  A  violation of 15 U.S.C. § 1692(2)(A) of the ("FDCPA")

is $1,000.00 for the false representation of debt reported to Equifax

Information Services, Experian Information Solutions, and Trans Union

Corporation.

**TOTAL DAMAGES:**          + $3,000.00

CLAIM TWO: A violation of 15 U.S.C. § 1692e(8) of the ("FDCPA") is $1,000.00 for submitting false information to each of the three credit reporting agencies Equifax Information Services, Experian Information Solutions, and Trans Union Corporation by the defendant.

**TOTAL DAMAGES:**          + $3,000.00

CLAIM THREE: A violation of 15 U.S.C. § 1692e(10) of the ("FDCPA") is $1,000.00 for the false communication by the defendant to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES:**          + $3,000.00

CLAIM FOUR: A violation of 15 U.S.C. § 1692e(12) of the ("FDCPA") is $1,000.00 for the false representation by the defendant regarding the plaintiffs alleged debt reported to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES:**          + $3,000.00

CLAIM FIVE: A violation of 15 U.S.C § 1692f(1) of the ("FDCPA") is $1,000.00 for the unconscionable means used by the defendant to attempt to collect on a debt by the plaintiff. This includes reporting to the three major credit reporting agencies Equifax Information Services, Experian Information Solutions, and Trans Union Corporation of the unconscionalbe means to collect.

**TOTAL DAMAGES:**          + $3,000.00

CLAIM SIX: A violation of 15 U.S.C. § 1692g(b) of the ("FDCPA") is $1,000.00 for refusing to validate the alleged debt that the defendant reported to the three credit reporting agencies, Equifax Inforamtion Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES:**          + $1,000.00

26.    The total amount of damages requested by the plaintiff is $16,350.00.

27.    The $350.00 added is the court cost associated with this action.


I  Jason Giesy    , hereby declare under penalty of perjury in the state of  California    , that the information stated above and any attachments to this form is true and correct.


DATED:  08/12/2015                    BY _____

                                          Jason Giesy

Page 9 of 9

# EXHIBIT

# A

# EQUIFAX

**CREDIT FILE : June 10, 2015**

USE THIS REPORT

A

Confirmation # 5161038858

Please address all future correspondence to:

www.investigate.equifax.com

Equifax Information Services LLC
P.O. Box 105314
Atlanta GA 30348

(866) 238-6559
M - F 9:00am to 5:00pm in your time zone.

**Personal Identification Information** ( This section includes your name, current and previous addresses, and any other identifying information reported by your creditors.)

Name On File: Jason Giesy    Date of Birth: September 27, 1983
Social Security #: XXX-XX-9739
Current Address: 3407 E Sunnybrook Ln, Wichita, KS 67210 Reported: 06/2015
Previous Address(es): 16171 W US Highway 54 Lot 138, Goddard, KS 67052 Reported: 05/2015
141 W Elm St FL 2, Wichita, KS 67203 Reported: 11/2013
9572 SW Eugene Rd, Augusta, KS 67010 Reported: 05/2015
4244 S Hydraulic St Apt 810, Wichita, KS 67216 Reported: 05/2012
1613 Drolinger St, Wichita, KS 67214 Reported: 05/2013
605 N Volutsia St, Wichita, KS 67214 Reported: 02/2011
10026 E Boston St Apt 3, Wichita, KS 67207 Reported: 04/2014
718 E 53rd St S, Wichita, KS 67216 Reported: 06/2015

Formerly Known As: Jason Giesey



**Public Record Information** ( This section includes public record items obtained from local, state and federal courts.)

Judgment Filed 12/2010: Sedgwick County District Court; Case or ID # : 10LM01718; Defendant - Giesy JASON; Amount - $675 ; Plaintiff - Galt Ventures Inc Speedy Cash; **Address:** 525 N MAIN ST, WICHITA, KS 67203-3703 : (316) 383-7311

Judgment Filed 03/2010: Sedgwick County District Court; Case or ID # : 10LM03149; Defendant - Giesy JASON S; Amount - $603 ; Plaintiff - Midland Funding LLC; **Address:** 525 N MAIN ST, WICHITA, KS 67203-3703 : (316) 383-7311

**Collection Agency Information** ( This section includes accounts that credit grantors have placed for collection with a collection agency.)

Credit Systems; Collection Reported 06/2014; Assigned 10/2010; Creditor Class - Medical/Health Care; Client - Kansas Gas Service; Amount - $223 ; Status as of 06/2015 - Unpaid; Date of 1st Delinquency 09/2010; Balance as of 06/2015 - $223 ; Individual Account; Account # - 1045403TZ; **Address:** PO BOX 1088, Arlington TX 76004-1088 : (817) 640-1093 : (214) 341-7788

Central States Recovery; Collection Reported 05/2015; Assigned 05/2011; Creditor Class - Rental/Leasing; Client - Mt Carmel Village Apartments; Amount - $1,049 ; Status as of 05/2011 - Unpaid; Date of 1st Delinquency 01/2009; Balance as of 05/2015 - $1,049 ; Individual Account; Account # - 4568300197297; **Address:** 12170 Abrams Rd Ste 100, Dallas TX 75243-4579 : (620) 663-8811

Central States Recovery; Collection Reported 07/2013; Assigned 06/2013; Creditor Class - Medical/Health Care; Client - Wichita UROLOGY Group PA; Amount - $1,847 ; Status as of 09/2011 - Unpaid; Date of 1st Delinquency 09/2010; Balance as of 08/2013 - $1,847 ; Individual Account; Account # - 6506838; **Address:** 1314 N Main St, Hutchinson KS 67501-4002 : (620) 663-8811

Central States Recovery; Collection Reported 08/2013; Assigned 06/2013; Creditor Class - Medical/Health Care; Client - Kansas IMAGING Consultants; Amount - $575 ; Status as of 09/2011 - Unpaid; Date of 1st Delinquency 02/2011; Balance as of 08/2013 - $223 ; Individual Account; Account # - 6492588; **Address:** 1314 N Main St, Hutchinson KS 67501-4002 : (620) 663-8811

Central States Recovery; Collection Reported 06/2013; Assigned 06/2013; Creditor Class - Medical/Health Care; Client - Kansas IMAGING Consultants; Amount - $526 ; Status as of 07/2013 - Unpaid; Date of 1st Delinquency 02/2011; Balance as of 07/2013 - $526 ; Individual Account; Account # - 6463685; **Address:** 1314 N Main St, Hutchinson KS 67501-4002 : (620) 663-8811

Central States Recovery; Collection Reported 09/2011; Assigned 08/2011; Creditor Class - Medical/Health Care; Client - Emergency Services P.A; Amount - $248 ; Status as of 09/2011 - Unpaid; Date of 1st Delinquency 02/2011; Balance as of 09/2011 - $248 ; Individual Account; Account # - 5780632; **Address:** 1314 N Main St, Hutchinson KS 67501-4002 : (620) 663-8811

Central States Recovery; Collection Reported 08/2011; Assigned 07/2011; Creditor Class - Medical/Health Care; Client - Wichita Radiological Group; Amount - $345 ; Status as of 09/2011 - Unpaid; Date of 1st Delinquency 02/2011; Balance as of 08/2011 - $345 ; Individual Account; Account # - 5711553; **Address:** 1314 N Main St, Hutchinson KS 67501-4002 : (620) 663-8811

Central States Recovery; Collection Reported 08/2011; Assigned 07/2011; Creditor Class - Medical/Health Care; Client - Wichita Radiological Group; Amount - $81 ; Status as of 09/2011 - Unpaid; Date of 1st Delinquency 02/2011; Balance as of 08/2011 - $81 ; Individual Account; Account # - 5711553; **Address:** 1314 N Main St, Hutchinson KS 67501-4002 : (620) 663-8811

( Continued On Next Page )

Central States Recovery: Collection Reported 07/2011; Assigned 10/2010; Creditor Class - Medical/Health Care; Client - Wichita Radiological Group; Amount: $71 ; Status as of 07/2011 - Unpaid; Date of 1st Delinquency 05/2010; Balance as of 07/2011 - $71 ; Individual Account; Account # - 5441081*; **Address:** 1314 N Main St Hutchinson KS 67501-4002 ; (620) 663-8811

Central States Recovery: Collection Reported 12/2010; Assigned 11/2010; Creditor Class - Medical/Health Care; Client - Emergency Services, P.A.; Amount: $395 ; Status as of 12/2010 - Unpaid; Date of 1st Delinquency 05/2010; Balance as of 12/2010 - $395 ; Individual Account; Account # - 5495863*; **Address:** 1314 N Main St, Hutchinson KS 67501-4002 ; (620) 663-8811

## Credit Account Information

*(For your security, the last 4 digits of account number(s) have been replaced by 1. (This section includes open and closed accounts reported by credit grantor))*

### Account Column Title Descriptions:

Account Number - The Account number reported by credit grantor
Date Acct. Opened - The Date that the credit grantor opened the account
High Credit - The Highest Amount Charged
Credit Limit - The Highest Amount Permitted
Terms Duration - The Number of Installments or Payments
Terms Frequency - The Scheduled Time Between Payments
Months Reviewed - The Number of Months Reporting The Account
Activity Designator - The Most Recent Account Activity
Creditor Class - The Type of Company Reporting The Account
Date Reported - Date of Last Reported Update
Balance Amount - The Total Amount Owed as of the Date Reported
Status - Condition of Account When Last Updated by Creditor or Otherwise

Amount Past Due - The Amount Past Due as of the Date Reported
Date of Last Paymt - The Date of Last Payment
Actual Pay Amt - The Actual Amount of Last Payment
Sched Pay Amt - The Requested Amount of Last Payment
Date of 1st Delinquency - The Date of First Delinquency
Date of Last Activ - The Date of the Last Account Activity
Date Maj Delq Rptd - The Date the 1st Major Delinquency Was Reported
Charge Off Amt - The Amount Charged Off by Creditor
Deferred Pay Amt - The Amount Charged Off by Creditor
Balloon Pay Amt - The 1st Payment Due Date for Deferred Loans
Balloon Pay Date - The Amount of Final(Balloon) Payment
Date Closed - The Date the Account was Closed

### Account History Status Code Descriptions:

1 : 30-59 Days Past Due
2 : 60-89 Days Past Due
3 : 90-119 Days Past Due
4 : 120-149 Days Past Due

5 : 150-179 Days Past Due
6 : 180 or More Days Past Due
G : Collection Account
H : Foreclosure

J : Voluntary Surrender
K : Repossession
L : Charge Off

**Capital One Bank USA Na**   PO Box 85015 Richmond VA 23285-5015 (800) 955-7070

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| 48232845607* | 06/01/2002 | $396 | $500 | | Monthly | 99 | Paid and Closed | |

| Balance | Date Reported | Amount Past Due | Date of Last Paymt | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| $0 | 03/06/2013 | | 06/01/2012 | | $9 | 11/2004 | 11/2004 | | | | | | 05/2008 |

Status - Pays As Agreed; Type of Account - Revolving; Type of Loan - Credit Card; Whose Account - Individual Account; ADDITIONAL INFORMATION - Account Closed At Consumers Request; Closed or Paid Account/Zero Balance;

( Continued On Next Page )

516103885BNVW-001960076-3550-3911 - ASD



# EXHIBIT

# B

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

President: Larry Gingold
ProCollect Incorporated
12170 N. Abrams Rd #100
Dallas, TX 75243

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent
                     ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)      7008 1830 0004 5034 5110

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

# EXHIBIT

# C

<u>NOTICE</u>

**DATE:** 06/30/2015 _____

Jason Giesy _____
<u>(Consumer)</u>

President: Larry Gingold
<u>Procollect Incorporated</u>
<u>(Debt Collector)</u>

**Certified Mail Number**
#
**Social Security Number**
# 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

**Alleged Account(s)**
# 45883001972397

**SUBJECT:** <u>Request for Validation of Debt, and Notice of Reservation of</u>
<u>Rights for initiating a Counter Claim against the Debt Collector's</u>
<u>official Bond.</u>

**Consumer's Private Notice of Administrative Remedy**

The private notice of administrative remedy demand is binding
upon every principle agent regarding the subject matter set forth
herein above.

<u>Written communication for Validation of alleged debt(s) pursuant</u>
<u>to Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (a)(1).</u>

It has come to my attention after reviewing a copy of my credit
report dated ___06/10/2015___ that your agency has communicated to
Equifax, Transunion or Experian that I owe ($) _$1,049_____
to your company. Please note that I consider your demand for money
a written communication from a debt collector. I now exercise my
rights pursuant to **15 U.S.C. § 1692(a)(1)** and request validation
of the alleged debt.

I have included with this notice for proof of debt also known as
a "DEBT COLLECTION  DISCLOSURE STATEMENT" for the legitimate purpose
of insuring that your agency's validation is executed in accordance
with the laws codified in TITLE 15 U.S.C. § 1692g and must be
completed in full by your agency and returned to me within **thirty** days 30

PAGE 1 of 5

of your agency's receipt.

## CAVEAT

1.     I am respectfully providing advance notice to your agency of the civil liabilities under **TITLE 15 U.S.C. § 1692** for failure to comply with said provisions of this title [15 USCS§§ 1692 et seq.].

2.     Upon receipt of this **NOTICE**, The debt collector must cease all collection activity regarding the alleged debt(s) until the respondent is sent the herein requested verification as required by the **FAIR DEBT COLLECTION PRACTICES ACT**.

3.     If debt collector, such as by commission, omission, and other wise:

      (a) Fails in giving respondent full disclosure regarding the nature and cause of debt collector's claim concerning the herein above referenced alleged debt.

      (b) Makes false representation of the character of herein above referenced alleged debt.

      (c) Makes false representation of the legal status of the herein above referenced alleged debt.

      (d) Makes any threat of action that cannot legally be taken in violation of any applicable law, such as the law at the **FAIR DEBT COLLECTION PRACTICES ACT**.

Respondent may initiate a counterclaim and claim against the debt collector's bond as well as bonds of any principle agent, and assignee of debt collector whose acts and omissions result in the respondent sustaining any tort injury.

4.     Debt Collector is also hereby given **Notice** that:

**PAGE 2 of 5**

**DISCLOSURE STATEMENT ATTACHED**

(a) Debt Collector's unsubstantiated demand for payment. A
a scheme to be delivered by mail may constitute mail fraud
under the State and Federal Laws. (Debt Collector may wish
to consult with a competent legal council before
originating any further communication with respondent)

(b) Debt Collector's failure in providing respondent the
requisite Verification, Validating the above referenced
alleged debt within the requirements of law as coded in the
**FAIR DEBT COLLECTION PRACTICES ACT** and the corresponding
laws of each state signifies that debt collector tacitly
agrees that:

I   Debt Collector has no lawful, bona fide, verifiable claim
regarding the above referenced alleged account.

II   Debt Collector waives any and all claims against respondent.

III   Debt Collector tacitly agrees that Debt Collector will
**compensate** respondent for al cost, fees, and expenses
incurred in defending against this claim and any continued
fraudulent collection attempts regarding the above referenced
alleged account.

5.   This is also an attempt for determining the nature and basis
of a case or counterclaim against the debt collector, and any
information contained within debt collector's commission, omission,
and the like will be used for that purpose.

**PAGE 3 of 5**

<u>THIS IS A NOTICE OF RESERVATION OF RIGHT FOR INITIATING A</u>

<u>COUNTERCLAIM AND FILING A CLAIM AGAINST AN OFFICIAL BOND:</u>

President: Larry Gingold
Procollect Incorporated
NAME OF COMPANY OR BOND HOLDER

**\*\*\*CAVEAT\*\*\***

7.    In the event that the debt collector does not respond to this "Notice" within the prescribed time limit for reponlle and there has likewise been no request for extension of time with good cause shown therein, then the debt collector agrees that debt collector has submitted a fraudulent claim against respondent, and reespondent can file a law suit for costs, fees, and injuries incurred defending against this fraudulent collection by debt collector regarding the above referenced account.

**PAGE 4 of 5**

## VERIFICATION AND CERTIFICATION

8.     The undersigned consumer, ___Jason Giesy___ does herein
swear, declare, and affirm that this notice for validation of debt
and reservation of rights that the consumer can competently state the
matter set forth herein, that the contents are true, correct, and
complete. This verification and certification is executed this___30th___
day of ___June2015___ .



_____
(Signature of Consumer)


## PROOF OF SERVICE

I declare under penalty of perjury under the State of
California that I personally mailed a   **"Notice for Validation of
Debt"** (5 Pages) and **"Debt Collector's Disclosure Statement"** (3 Pages)
to all parties listed below at:

President: Larry Gingold
Procollect Incorporated

12170 N Abrams Rd. Suite 100

Dallas, TX 75243

On this ___30th___ day of ___June 2015___, I certify this to be true,
correct, and complete.



_____
(Signature of Consumer)


**PAGE 5 of 5**



* Legal mail *

Jason Giesy 2370-2-031
Sierra Correctional Institute 2
Office Box 3850
Baldwin, CA 93301

AUG 3 1 2015
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

COM

United States Courthouse
Office of the Clerk
U.S. Courthouse, G8
Los Angeles, CA 90012

WORLD GAMES

